UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY BALDWIN,

        Plaintiff,                Case Number: 2:16-CV-13143
                                            HON. GERALD E. ROSEN

v.

SERGEANT MICHAELS, ET AL.,

        Defendant.

                                     /

## OPINION AND ORDER OF PARTIAL DISMISSAL
## AND DIRECTING SERVICE

### I.

Pending before the Court is Plaintiff Gary Baldwin's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff alleges that he was deprived of a wheelchair while walking from the dining hall to his cell and that he suffered additional injury to his already damaged hip as a result. Plaintiff seeks monetary relief. For the reasons which follow, the Court will dismiss defendants Chapman, Siles, Leslie, and Russell pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which relief may be granted against these defendants.

### II.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as

"a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable

basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.

Plaintiff argues that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when, on February 8, 2016, he was forced to walk without the aid of his wheelchair from the dining hall to his cell. He alleges that this caused damage to his left hip and femur.

Plaintiff names as a defendant deputy warden Willis Chapman. However, he makes no specific allegations against Chapman. Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of

personal involvement against each defendant). Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir.2003). Plaintiff fails to allege Chapman's particular, alleged involvement in his case, and he will be dismissed.

Plaintiff's claims against defendants Siles, Leslie, and Russell are based upon their responses to grievances he filed concerning being forced to walk without the use of his wheelchair. The First Amendment guarantees "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. However, while a prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. *See Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

Moreover, a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure. *See e.g., Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Thus, Plaintiff's claim that Siles, Leslie, and Russell failed to properly or adequately respond to his grievances

fails to state a claim on which relief may be granted.  *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon defendant's failure to investigate grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report and recommendation citing cases).  Defendants Siles, Leslie, and Russell will be dismissed.

## IV.

Accordingly, **IT IS ORDERED** that Plaintiff's claims against defendants Chapman, Siles, Leslie, and Russell are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

The Court determines that service of the Complaint is appropriate on the remaining defendants.  Therefore, **IT IS ORDERED** that a copy of Plaintiff's Complaint and a copy of this Order shall be served by the United States Marshal without prepayment of costs on defendants Michaels and Klee.

**SO ORDERED**.

s/Gerald E. Rosen
United States District Judge

Dated:  October 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2016, by electronic and/or ordinary mail.

s/Shawna C. Burns
Case Manager Generalist