UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY BALDWIN,

                Plaintiff,

v.

PAUL KLEE and
DAVID MICHAEL,

                Defendants.
_____/

Case No. 2:16-cv-13143
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND (DE 12) and DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL (DE 13)</u>**

**I.**    **OPINION**

    **A.**    **Background**

Gary Baldwin (#165196) is currently incarcerated at the MDOC's Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. On August 30, 2016, while incarcerated at ARF, Baldwin filed the instant lawsuit against six defendants. Plaintiff seeks both punitive and compensatory damages. (DE 1 at 1-10.)

Since the filing of Plaintiff's complaint, his claims against Defendant Chapman were dismissed for failure to allege his "particular, alleged involvement" in the case. (DE 5 at 3-4.) At the same time, his claims against Defendants Siles, Leslie and Russell – all of which were "based upon their responses to grievances

1

he filed concerning being forced to walk without the use of his wheelchair" – have been dismissed, because "a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure." (DE 5 at 4.) Thus, at this time, the only remaining defendants are Paul Klee (ARF Warden) and David Michael (an ARF Correctional Officer).[1]

### B. Pending Matters

This case has been referred to me for pretrial matters. Currently before the Court are three motions: **(1)** Plaintiff's January 12, 2017 motion to amend complaint, regarding which Defendants have filed a response; **(2)** Plaintiff's January 24, 2017 motion to compel discovery; and **(3)** Defendants Klee and Michael's February 8, 2017 motion for summary judgment, regarding which Plaintiff has filed a response.

### C. Discussion

#### 1. Factual background

##### a. Plaintiff has a history of treatment for his left hip, left femur and left knee

During July 2001, Plaintiff received a metallic implant in his pelvis and left femur. (DE 1 at 12.) He is currently serving a sentence imposed on August 9, 2004. (*See* www.michigan.gov/corrections, "Offender Search.") During 2012 and

---

[1] The December 13, 2016 appearance of counsel lists this defendant as "David Michael" rather than "Sgt. Michaels." (*Compare* DE 1 at 1-2, DE 10.)

2013, Plaintiff underwent radiology exams of the left hip, left femur, pelvis and chest. (*See* DE 1 at 17-19.)

On January 17, 2014, Plaintiff received a permanent accommodation for a wheelchair. (DE 1 at 12.) Thereafter, on July 29, 2014, plaintiff underwent a study of the left hip, left femur and left knee, which revealed, among other things, continued disarticulation of the prostheses; osteoporosis/osteopenia; deformity of the left acetabulum; and exostoses of the distal left femur. (DE 1 at 20.)

### b. Grievance Identifier ARF-2016-02-0378-17z

On February 8, 2016, Plaintiff completed a Step I grievance form, contending that he "[t]alk[ed] to [Sgt.] Michaels about a Medical Emergency[,]" and providing the following detail:

> I came in the chow hall while having problems with a bearing in my wheelchair. I couldn't move my chair because [a] bearing went out & I needed to go to medical to get a replacement so I could get around in the institution. The Sarge told me to get out & push it back to the unit[.] []I have a permanent wheelchair accommodation[,] because . . . my left hip does have an implant & has been out of place. Now [I am] in a lot of pain because of walking from the chow hall & back to the Unit. [Sgt. Michaels] claimed that us []inmates took the wheel off & took a bushing out[.] How[?] [W]e [cannot] even use a screw driver to tighten up screws on a pair of glasses. To me Sargent Michaels [is not] a mechani[c] when he tells me in front of other inmates that he can tighten up a self tighting nut with his hand & without wrenches. . . . <u>Plus the bearing was hanging in plain sight</u>.[]

The grievance was received at Step I on February 10, 2016. (DE 1 at 11-12 (emphasis in original).)

On or about April 5, 2016, Plaintiff completed a Step II grievance appeal form. It was received at Step II on April 8, 2016. (DE 1 at 13.) Plaintiff claims he did so because "Defendants failed to answer Step I grievance in a timely manner in violation of Administrative Rules." (DE 1 at 8 ¶ 5.) ARF Deputy Warden Willis Chapman responded approximately one week later. (DE 1 at 13-14.)

Plaintiff completed a Step III grievance appeal form, which appears to have been received on April 21, 2016. (DE 1 at 13.) In a decision dated May 18, 2016, Richard D. Russell of the MDOC Office of Legal Affairs denied the Step III appeal. (DE 1 at 15; *see also* DE 1 ¶ 9.)

Oddly, the Step I grievance response by Sgt. Leslie, which was reviewed by Lt. D. Siles, is dated June 12, 2016 – a date *after* the Step III grievance response. Among other things, the investigation revealed that "Prisoner Baldwin was not having a medical emergency, he was having an issue with his wheelchair." (DE 1 at 16; *see also* DE 1 ¶ 10.)

    **c.**  **Plaintiff's "Staff Misconduct Report & Complaint"**

Meanwhile, on or about May 13, 2016 - while Plaintiff was awaiting his Step III grievance response and before he had received the Step I grievance response - Plaintiff completed a "Staff Misconduct Report & Complaint" against "Sgt. Michael" alleging "Conduct Unbecoming a State Employee." (DE 1 at 21-22.) On or about July 13, 2016, Plaintiff sent a follow up letter regarding his

4

"Civil Service Complaint," wherein he claimed that ARF Warden Klee is retaliating against him. (DE 1 at 23.)

> **2. Plaintiff's allegations against the dismissed Defendants (Chapman, Leslie, Siles and Russell) and Plaintiff's motion to amend (DE 12)**
>
> > **a. Plaintiff's original complaint failed to state a claim against these four defendants.**

The grievance materials attached to Plaintiff's original complaint show that: **(a)** Defendant Chapman provided the April 2016 response to Plaintiff's Step II grievance (DE 1 at 13-14); **(b)** Defendants Leslie and Siles provided the June 2016 response to Plaintiff's Step I grievance (DE 1 at 16); and **(c)** Defendant Russell provided the May 2016 Step III grievance decision (DE 1 at 15). The complaint itself specifically mentions Siles, Leslie and Russell, as well as the grievance process. (*See* DE 1 at 8-9 ¶¶ 4, 5, 9-11.)

Even so, this Court's October 14, 2016 order dismissed Plaintiff's claims against Defendants Chapman, Siles, Leslie and Russell for failure to state a claim upon which relief may be granted. (DE 5 at 1.) The Court determined that Plaintiff had not made any specific allegations against Chapman and had failed "to allege Chapman's particular, alleged involvement . . . ." (DE 5 at 3-4.) In addition, characterizing Plaintiff's claims against Defendants Siles, Leslie and Russell as "based upon their responses to grievances he filed concerning being forced to walk without the use of his wheelchair[,]" the Court concluded that

5

Plaintiff's claim that these defendants "failed to properly or adequately respond to his grievances" did not state a claim upon which relief may be granted. (DE 5 at 4-5.)

### b. Plaintiff's motion to amend, as presented, is denied.

Plaintiff's January 12, 2017 motion to amend seeks leave to file an amended complaint to reinstate Chapman, Siles, Leslie and Russell as defendants in this case. (DE 12.) Defendants oppose this motion. (DE 14.)

Plaintiff seeks leave to amend under Fed. R. Civ. P. 15(a), which governs amendments before trial:

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> **(3) *Time to Respond.*** Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a).[2]

Plaintiff's motion to amend is denied. First, Plaintiff's request does not qualify for an amendment "as a matter of course." Fed. R. Civ. P. 15(a)(1). Defendants Chapman, Siles, Leslie and Russell were dismissed on October 14, 2016. (DE 5.) Although service was never attempted upon them, by the time Plaintiff sought leave to amend his complaint, it had been more than 21 days since the complaint was served upon Defendants Klee and Michael and more than 21 days since the Court entered its order dismissing Defendants Chapman, Siles, Leslie and Russell. Fed. R. Civ. P. 15(a)(1)(A). Also, at the time Plaintiff sought amendment, Defendants Klee and Michael had yet to file their February 8, 2017 motion for summary judgment. As such, Plaintiff's motion to amend cannot functionally qualify as a "reply" to Defendants' motion, even if the filing of a motion for summary judgment were construed as opening the door for an amendment as a matter of course. Fed. R. Civ. P. 15(a)(1)(B).

Second, Plaintiff's current submission has not convinced the Court that leave to amend is warranted. To be sure, when seeking leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R.

---

[2] Although Plaintiff also seeks leave to amend under Fed. R. Civ. P. 19(a), this rule governs "persons required to be joined if feasible." In light of Plaintiff's *pro se* status, the Court assumes he cited this rule on the basis that his motion to amend seeks to *re-institute* or *add parties* to this case under Rule 15(a), rather than joining them *as required* under Rule 19(a).

7

Civ. P. 15(a)(2). However, this right is not absolute. As the Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as *undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment*, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added). Moreover, "the grant or denial of an opportunity to amend is within the discretion of the District Court…." *Id.* To the extent Plaintiff's claims against any of these four defendants are related to that individual's response to a grievance, and, consistent with this Court's previous order of dismissal, a defendant cannot be liable under 42 U.S.C. § 1983 where his or her only role involves "the denial of administrative grievances or the failure to act[.]" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, the reiteration of any such claim would be futile.[3]

Relatedly, to the extent Plaintiff's claims against any of these four defendants go beyond their denial of Plaintiff's administrative grievances or go

---

[3] If Plaintiff intended this motion to be one for reconsideration of the October 14, 2016 order of partial dismissal, the motion would be tardy. E.D. Mich. 7.1(h)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.").

beyond their failure to act,[4] it would facilitate this Court's analysis if such claims were presented in a properly drafted proposed amended complaint. Here, Plaintiff's 10-paragraph motion to amend does not comply with this Court's related local rule governing the form of a motion to amend and documentation in support thereof:

> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion.

E.D. Mich. LR 15.1. Plaintiff's four-page motion to amend his complaint consists of a title page and a three-page motion. (DE 12 at 1-4.) There is no attachment containing a reproduction of "the entire pleading as amended . . . ." E.D. Mich. LR 15.1. As this rule expressly provides, the failure to comply with E.D. Mich. LR 15.1 cannot be the sole basis for denial of Plaintiff's motion to amend. Yet, the attachment of a proposed first amended complaint is important here, because, as noted in the previous paragraph, Plaintiff is asking the Court to re-instate

---

[4] Plaintiff's motion to amend makes several additional allegations against Defendants (such as acting in concert with each other; agreeing, condoning and ratifying the actions of another; conducting a "sham proceeding;" investigating and considering his grievance in a procedurally incorrect matter which rendered the determination invalid). In addition, he attempts to allege violations of: **(a)** the Eighth Amendment; **(b)** the Fourteenth Amendment's due process clause; **(c)** MDOC PD 03.02.130 ("Prisoner/Parolee Grievances"); **(d)** the Americans with Disabilities Act (ADA); and, **(e)** the Michigan's Persons with Disabilities Civil Rights Act (Mich. Comp. Laws §§ 37.1101-37.1607).

defendants who have already been dismissed. The attachment of a proposed first amended complaint would allow the Court to assess whether Plaintiff's proposed amended claims are futile –as would be the case if his theory of the case rests upon the same bases that previously resulted in dismissal – or whether they state a claim upon which relief may be granted under an altered theory. Furthermore, "an amended complaint supercedes all prior complaints." *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008).

Third, Plaintiff's "relief sought" seeks more than just amendment of his original complaint to reinstate the four previously dismissed defendants. He asks that the Court compel Defendants to answer interrogatories "propounded to determine liability." (DE 12 at 4.) As discussed in further detail below with respect to Plaintiff's motion to compel, Fed. Rules Civ. P. 33 and 37 provide the proper procedures by which to serve interrogatories and file related motions compelling answers to such requests. A motion to amend is not among the proper the proper vehicles by which to seek discovery, nor can a motion to compel be filed regarding discovery which the Plaintiff himself has never served and to which the Defendants have never had the opportunity to respond, as discussed below.

Finally, although the Court is denying Plaintiff's motion to amend his original complaint, it does so without prejudice to Plaintiff refiling his motion - in

accordance with Fed. R. Civ. P. 15(a) and in the form described by E.D. Mich. LR 15.1.

### 3. Plaintiff's motion to compel Defendant Michael to answer interrogatories (DE 13)

Plaintiff's January 24, 2017 motion to compel discovery sets forth 21 interrogatories for Defendant Michael regarding which Plaintiff seeks answers signed and under oath within thirty (30) days. (DE 13.) Defendants have not filed an opposition to this motion. Nonetheless, it is denied as presented.

First, it does not appear that Plaintiff has engaged in the proper procedure for serving discovery requests. Where a plaintiff seeks answers to interrogatories from a defendant, the plaintiff should serve the interrogatories upon the defendant in accordance with Fed. R. Civ. P. 33(a). Thereafter, the defendant should answer and/or object in accordance with Fed. R. Civ. P. 33(b). Should the defendant fail to answer such interrogatories in accordance with the rules, the plaintiff may file a motion to compel a discovery response as contemplated by Fed. R. Civ. P. 37(a)(3)(B)(iii). It does not appear that Plaintiff engaged in this process before filing his discovery requests with the Court.

Second, there are only certain circumstances under which parties may file discovery materials with this Court. Interrogatories "must not be filed until they are used in the proceeding or the court orders filing[.]" Fed. R. Civ. P. 5(d)(1).

Additionally, in pertinent part, the Local Rules of the E.D. Mich. provide: "A party or other person may not file discovery material specified in Fed.R.Civ.P. 5(d)(1) and certificates of service for such discovery material except: (1) when it provides factual support for a motion, response or reply. The party or other person relying on the material must file only the germane portion of it as an exhibit or attachment to the motion, response, or reply." E.D. Mich. LR 26.2(a). Thus, Plaintiff's instant motion to compel is premature.

The denial of this motion is without prejudice to Plaintiff's ability to refile once he can illustrate to the Court that: **(1)** he has properly serve these interrogatories upon Defendant Michael in accordance with Fed. R. Civ. P. 33(a); and, **(2)** Defendant Michael has failed to answer and/or validly object in accordance with Fed. R. Civ. P. 33(b). Should those circumstances arise, Plaintiff is reminded that any related motion to compel should comply with E.D. Mich. LR 37.2 ("Form of Discovery Motions"), which provides: "Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."

## II. ORDER

Accordingly, Plaintiff's January 12, 2017 motion to amend the complaint (DE 12) is **DENIED WITHOUT PREJUDICE**. Plaintiff's January 24, 2017 motion to compel discovery (DE 13) is likewise **DENIED WITHOUT PREJUDICE**. My report and recommendation regarding Defendants Klee and Michael's motion (DE 15) will issue under separate cover.

IT IS SO ORDERED.


Dated: March 29, 2017             s/Anthony P. Patti
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on March 29, 2017, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Anthony P. Patti