UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY BALDWIN,

    Plaintiff,

v.

MICHAELS and
PAUL KLEE,

    Defendants.

Case No. 2:16-cv-13143
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER REGARDING REPORT AND RECOMMENDATION [18] AND
GRANTING MOTION FOR SUMMARY JUDGMENT [15]**

Before the Court is Magistrate Judge Anthony P. Patti's Report and Recommendation. (R. 18.) As detailed below, the Court finds that the parties have waived this Court's review of the Report and Recommendation.

Even so, the Court addresses one issue. The Magistrate Judge found that, given his analysis of Baldwin's claims against Klee and Michaels in their individual capacities, there was no reason to address Klee and Michaels' assertion that sovereign immunity barred Baldwin's official-capacity claims for damages. (R. 18, PID 190–91.) Although this is logical, perhaps the issue of sovereign immunity should have been addressed first. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("[T]he Eleventh Amendment is a true jurisdictional bar that courts can—but are not required to—raise *sua sponte* at any stage in litigation, and, once raised as a jurisdictional defect, must be decided before the merits."). As such, this Court finds that Baldwin's official-capacity claims against Klee and Michael for "punitive and compensatory damages" (R. 1, PID 10) are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 & n.4 (1985); *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010).

As for the issue of procedural default, at the conclusion of his May 4, 2017 Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R. 18, PID 192.) It is now May 31, 2017. As such, the time to file objections has expired. Yet no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. It follows that this Court GRANTS Klee and Michaels' motion for summary judgment (R. 15). As this order resolves this litigation,

2

a separate judgment will issue.

    SO ORDERED.

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
Dated: May 31, 2017                  U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2017.

                                                s/Keisha Jackson
                                                Case Manager